UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| Annie Stewart,<br>            Plaintiff,<br>     vs.<br><br>Popeye's Chicken, EON Properties, LLC, Nikhil Mehta, Timeout Foods, LLC,  Steven Mercer,  John Doe<br> 1 and 2 Inclusive,<br><br>            Defendants. | ) Case No.:<br>)<br>) COMPLAINT FOR DAMAGES RE:<br>) VIOLATION OF CIVIL RIGHTS ON<br>) BASIS OF DISCRIMINATION IN<br>) PUBLIC ACCOMMODATIONS; UNFAIR,<br>) UNLAWFUL AND FRAUDULENT BUSINESS<br>) PRACTICES; DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I

JURISDICTION AND VENUE

1. (a) Jurisdiction of this action is invoked on the basis of 28 USC 1331 and 1343,42 USC 12101-12102, 12181-12183 and 12201, et. seq. Jurisdiction is also invoked pursuant to 42 USC 1981 [Civil Rights Act of 1991], et seq, which is applicable to causes of action where persons with disabilities have been denied their civil rights. Venue in the Judicial District of Nebraska in the United States District Court is in accord with 28. U.S.C. section 1391(b) because a substantial part of plaintiff's claims arose within the Judicial District of the United States District Court of the District of Nebraska.

    (b) Supplemental Jurisdiction. The Judicial District of the United States District Court of the District of Nebraska has supplemental jurisdiction over the state claims alleged in this

Complaint pursuant to 28 U.S.C. section 1367(a).  Supplemental jurisdiction is appropriate in this action on the basis that all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from a common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents whereby plaintiff was denied full and equal access to Defendant's facilities, goods, and/or services in violation of both federal and state laws when plaintiff attempted to enter, use, and/or exit Defendant's facilities as described within this Complaint. Further, due to this denial of full and equal access Plaintiff and other person's with disabilities were injured. Based upon such allegations the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

II

PARTIES

2. Defendants, Popeye's Chicken and EON Properties, LLC and at all times herein mentioned were a duly organized business, association, or corporation duly authorized to exist and operate within the State of Nebraska and County of Douglas and/or the owner, lessee, or tenant of the premises located at 5223 North 30th, Omaha, Nebraska 68111.

3.  Defendant, Timeout Foods, LLC was and at all times herein mentioned were a duly organized business, association, or corporation duly authorized to exist and operate within the State

of Nebraska and County of Douglas and/or the owner, lessee, or tenant of the premises located at 3518 N 30th, Omaha, NE 68111.

4. Plaintiff is informed and believes and thereon alleges that defendant, Nikhil Mehta, Suite 110-152, 17330 W. Center Road, Omaha, Nebraska is the owner and/or landlord of the premises and/or defendants Popeye's Chicken and/or EON Properties, LLC.

5. Plaintiff is informed and believes and thereon alleges that defendant, Steve L. Mercer, 8029 Raven Oaks Dr., Omaha, NE 68152 is the owner and/or landlord of the premises and/or defendants Timeout Foods, LLC.

6. Plaintiff is informed and believes and thereon alleges that each of the named defendants herein operates a business and or/facility of public accommodation as defined and described within 42 USC 12181(7)(B) and (L) of the American with Disabilities Act [ADA] and as such must comply with the ADA under provisions of Title III therein.

5. Plaintiff is ignorant of the defendants sued as Doe 1-2 herein, and therefore sues them in their fictitious names as Doe defendants. Plaintiff is informed and believes and thereon alleges that Does 1-2 are the owners, operators, lessees or tenants of the subject property and each of the Doe defendants at all times herein was acting as the agent and or representative of each other and thereby are responsible in some manner for the injuries and damages complained of herein. Plaintiff will seek leave of court to amend this complaint to name Doe defendants when the same is ascertained.

III

GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

6. Plaintiff is a female who is disabled and has limited mobility when walking and standing. She has limited control over her lower extremities but is able to transport herself and to affect most of the basic necessities of everyday existence. Plaintiff's disability substantially limits one or more of life's major activities and therefore she is disabled as defined under 42 USC 12102(2)(A)(B)(C).

7. On or about September 20, 2015, plaintiff attempted to enter the premises of the defendant Popeye's Chicken to utilize goods and/or services offered by defendants. When Plaintiff attempted to enter the commercial buildings she had difficulty entering and using the facility because it failed to comply with federal ADA Access Guidelines For Building and Facilities [hereinafter "ADAAG"]

8. The specific difficulty Plaintiff had in entering and utilizing Defendants' facility and which amount to a violation of ADAAG are, with regard to Popeye's Chicken, as follows:

NUMBER OF VIOLATIONS

1     Designated Disabled "VAN ACCESSIBLE" Parking- Space
        (ADAAG 4.1.2(5)(b))

1     Designated Disabled "VAN ACCESSIBLE" Parking Space- Width
        (ADAAG 4.1.2(5)(b))

1     Designated Disabled "VAN ACCESSIBLE" Parking Space- Length
        (ADAAG 4.1.2(5)(b))

1     Designated Disabled "VAN ACCESSIBLE" Parking Space- Signage
        (ADAAG 4.1.2(5)(b))

1     Regular Disabled Parking Space-
        (ADAAG 4.6.3 (18' Length x 9' Width Min))

| | | |
|---|---|---|
| 1 | Regular Disabled Parking Space - Width | (ADAAG 4.6.3 (9' Width Min)) |
| 1 | Regular Disabled Parking Space- Length | (ADAAG 4.6.3 (18' Length)) |
| 1 | Van Accessible Aisle- | (ADAAG 4.6.3) |
| 1 | Van Accessible Aisle - Width | (ADAAG 4.6.3) |
| 1 | Van Accessible Aisle - Length | (ADAAG 4.6.3) |
| 1 | Signage Installed -(Each Space) | (ADAAG 4.6.4) |
| 1 | Additional Signage- (Van Accessible) (ADAAG 4.6.4) | |
| 1 | Designated Disabled Parking Space Signage- Proper Height | (ADAAG 4.6.4) |
| 1 | Parking Space Emblem – Proper Size | (ADAAG 4.6.4) |
| 1 | Curb Ramp Project into Vehicular Traffic | (ADAAG 4.7.6) |
| 1 | Bathroom – International Symbol Signage | (ADAAG 4.30.6) |
| 1 | Lavatories – Insulated Covers | (ADAAG 4.19.4; 4.24.6) |
| 1 | Lavatories – Knee Clearance | (ADAAG 4.19.2) |
| 1 | Grab Bars - Length | |

    (ADAAG 4.17.6)

1  Grab Bars – Proper Extension from Water Closet
    (ADAAG 4.17.6)

1  Grab Bars – Distance From Rear Wall
    (ADAAG 4.17.6)

1  Bathroom - Rear Grab Bar
    (ADAAG 4.17.6)

1  Accessories and Fixtures
    (ADAAG 4.23.7)

1  Toilet Stall – Size/Clearance
    (ADAAG 4.17.3)

1  Improper Hardware on Door/Stall
    (ADAAG 4.13.9)

9. On or about September 20, 2015, plaintiff attempted to enter the premises of the defendant Timeout Chicken to utilize goods and/or services offered by defendant. When Plaintiff attempted to enter the commercial buildings she had difficulty entering and using the facility because it failed to comply with federal ADA Access Guidelines For Building and Facilities [hereinafter "ADAAG"]

10. The specific difficulty Plaintiff had in entering and utilizing Defendants' facility and which amount to a violation of ADAAG are, with regard to Timeout Chicken, as follows:

NUMBER OF VIOLATIONS
1  Designated Disabled "VAN ACCESSIBLE" Parking- Space
    (ADAAG 4.1.2(5)(b))

1  Designated Disabled "VAN ACCESSIBLE" Parking Space- Width
    (ADAAG 4.1.2(5)(b))

| | |
|---|---|
| 1 | Designated Disabled "VAN ACCESSIBLE" Parking Space- Length (ADAAG 4.1.2(5)(b)) |
| 1 | Designated Disabled "VAN ACCESSIBLE" Parking Space- Signage (ADAAG 4.1.2(5)(b)) |
| 1 | Regular Disabled Parking Space- Exist/Improper (ADAAG 4.6.3 (18' Length x 9' Width Min)) |
| 1 | Regular Disabled Parking Space - Width (ADAAG 4.6.3 (9' Width Min)) |
| 1 | Regular Disabled Parking Space- Length (ADAAG 4.6.3 (18' Length)) |
| 1 | Van Accessible Aisle- (ADAAG 4.6.3) |
| 1 | Van Accessible Aisle - Width (ADAAG 4.6.3) |
| 1 | Van Accessible Aisle - Length (ADAAG 4.6.3) |
| 1 | Signage Installed -(Each Space) (ADAAG 4.6.4) |
| 2 | Additional Signage- (Van Accessible) (ADAAG 4.6.4) |
| 1 | Designated Disabled Parking Space Signage- Proper Height (ADAAG 4.6.4) |
| 1 | Parking Space Emblem – Proper Size (ADAAG 4.6.4) |
| 1 | Bathroom – International Symbol Signage (ADAAG 4.30.6) |
| 2 | Lavatories – Insulated Covers (ADAAG 4.19.4; 4.24.6) |
| 2 | Lavatories – Knee Clearance (ADAAG 4.19.2) |
| 1 | Grab Bars - Length (ADAAG 4.17.6) |

Complaint for Damages - 7

2   Grab Bars – Proper Extension from Water Closet
        (ADAAG 4.17.6)

2   Grab Bars – Distance From Rear Wall
        (ADAAG 4.17.6)

1   Bathroom - Rear Grab Bar
        (ADAAG 4.17.6)

1   Accessories and Fixtures
        (ADAAG 4.23.7)

2   Toilet Stall – Size/Clearance
        (ADAAG 4.17.3)

2   Improper Hardware on Door/Stall
        (ADAAG 4.13.9)

11. Based upon the above facts, Plaintiff has been discriminated against and will continue to be discriminated against unless and until Defendants are enjoined and forced to cease and desist from continuing to discriminate against Plaintiff and others similarly situated.

12. Pursuant to federal [ADA}, Defendants are required to remove barriers to their existing facilities. Defendants have been put on notice pursuant to the ADA prior to the statutory effect of the ADA on January 26, 1992 that Defendants and each of them had a duty to remove barriers to persons with disabilities such as plaintiff. Defendants also knew or should have known that individuals such as plaintiff with a disability are not required to give notice to a governmental agency prior to filing suit alleging Defendants' failure to remove architectural barriers.

13. Plaintiff believes and thereon allege that Defendants' facilities and or buildings, as described herein, have other access violations not directly experienced by Plaintiff, which

preclude or limit access by others with disabilities, including, but not limited to, Space Allowances, Reach Ranges, Accessible Routes, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains, and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, Telephones, Controls and Operating Mechanisms, Alarms, Detectable Warnings and Signage.

14. Accordingly, Plaintiff alleges Defendants are required to remove all architectural barriers, known or unknown. Also, Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

15. Plaintiff desires to return to Defendants' places of business and utilize their facilities without being discriminated against in the immediate future.

IV

FIRST CAUSE OF ACTION

(Violation of Civil Rights-American With Disabilities Act)

16. Plaintiff realleges the allegations in paragraphs 1 through 12 as though set forth fully herein.

Claim 1: Denial of Full and Equal Access

17. Based on the facts asserted above Plaintiff has been denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Defendants are public

accommodations owned, leased and/or operated by Defendants and each of them. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. section 12182(a). Thus, Plaintiff was subjected to discrimination in violation of 42 U.S.C. 12182(b)(2)(A)(ii)(iv); 42 USC 1981 and 42 U.S.C. section 12188 because Plaintiff was denied equal access to Defendants' existing facilities.

18. Plaintiff has a physical impairment as alleged herein because this condition affects one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, the physical impairments substantially limits one or more of the following major life activities: walking and mobilization. In addition, Plaintiff cannot perform one or more of the said major life activities in the manner speed, and duration when compared to the average person. Moreover, Plaintiff has a history of or has been classified as having a physical impairment as required by 42 U.S.C. section 12102(2)(A).

Claim 2: Failure to Remove Architectural Barriers

19. Based upon the facts alleged herein, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned leased, and/or operated by the named Defendants. Defendants individually and collectively failed to remove barriers as required by 42 U.S.C. 12182(a).

20. Plaintiff is informed and believes, and thus alleges that architectural barriers which are structural in nature exist at the following physical elements of Defendants' facilities:

Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

21. Pursuant to 42 USC section 12182(b)(2)(iv), Title III requires places of public accommodation to remove architectural barriers that are structural in nature within existing facilities. Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of prohibited discrimination. Accordingly, Plaintiff was subjected to discrimination in violation of 42 USC 12182(b)(2)(A)(iv) and 42 USC 12182 (b)(2)(A)(iv); 42 USC 1981 and 42 USC 12188.

Claim 3: Failure to Modify Practices, Policies And Procedures

22. Based on the facts alleged in this Complaint Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. section 12188(a). Thus, Plaintiff was

subjected to discrimination in violation of 42 U.S.C. section 12182(b)(2)(A)(iv); 42 U.S.C. 1981 and 42 U.S.C. section 12188 because Plaintiff was denied equal access to Defendants' existing facilities.

23. As a result of the wrongful and discriminatory practices of defendants, plaintiff has suffered actual damages consisting of special damages and general damages in an amount to be determined at time of trial herein.

24. Pursuant to the provisions of 42 USC 12188 plaintiff seeks injunctive relief and an order directing defendants to cease and desist from discriminating against plaintiff and others similarly situated and for an order that defendants comply with the Americans With Disabilities Act forthwith.

25. Under the provisions of 42 USC 12205 plaintiff is entitled to an award of reasonably attorney's fees and costs and requests that the court grant such fees and costs as are appropriate.

V

SECOND CAUSE OF ACTION

(Violation of Civil Rights 42 U.S.C. 1991)

26. Plaintiff realleges the allegations of the First Cause of Action as though set forth fully herein.

27. The provisions of 42 U.S.C. 1981 (As amended by the Civil Rights Act of 1991) provide that Plaintiff as a person with disabilities cannot be discriminated against with regard to the ability to enter into, to make or to enforce contracts. In enacting the Civil Rights Act of 1991 congress established a three tier system of remedies for a broad range of discretionary conduct, including violations of the Americans With Disabilities

Act, wherein disabled individuals such as plaintiff are denied equal access to facilities they wish to conduct business in and therefore are precluded from making, entering into and enforcing contracts that plaintiff and others similarly situated may desire to effect.

28. Defendants, because they have individually and/or collectively denied plaintiff access to their premises, goods and services, have denied him the right to make, enter into or enforce a contract and therefor have violated the provisions of 42 U.S.C. 1991 all to Plaintiff's damage in an amount to be determined at time of trial herein.

29. As a result of Defendants' actions Plaintiff was humiliated, embarrassed and discouraged and upset emotionally and physically and suffered damages according to proof.

30. The actions of the Defendants were intentional, outrageous and done with reckless disregard of Plaintiff's rights and therefore entitle her to an award of punitive damages.

31. By reason of Defendants' actions Plaintiff was caused to incur costs and expenses of litigation, including attorney's fees, to seek and redress his civil rights. Plaintiff therefore seeks an award of costs and attorney's fees associated with the necessity of brining this lawsuit.

VI

THIRD CAUSE OF ACTION

(Violation of Civil Rights Under Nebraska Accessibility Laws)

32. Plaintiff realleges the allegations of the Second Cause of Action as though set forth fully herein.

    (a)   Denial Of Full And Equal Access

33. Plaintiff has been denied full and equal access to Defendants' goods services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants in violation of Neb. Rev. Stat. 20-132.

(b) Failure To Modify Practices, Policies And Procedures

34. Defendants have failed and refused and continue to fail and refuse to provide a reasonable alternative to allow plaintiff equal access to their facility by modifying their practices, policies, and procedures in that that they failed to have s scheme, plan, or design to assist Plaintiff and others similarly situated in entering and utilizing Defendants' goods or services. Accordingly Defendants have wrongfully discriminated against Plaintiff.

VII

FOURTH CAUSE OF ACTION

(Violation of Civil Rights Act)

35. Plaintiff realleges the allegations of the Third Cause of Action as though set forth fully herein.

36. Defendants are in violation (b) by failing and refusing to provide free and equal access to Plaintiff to their facility on the same basis as other persons not disabled. By their failure to provide equal access to Plaintiff as herein alleged, Defendants have also violated 42 U.S.C. section 12182(b)(2)(A)(iv)

37. Defendants and each of them, at all times prior to and including September 20, 2015, respectively and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public

facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes and despite knowledge of the resulting problems and denial of civil rights suffered by Plaintiff and other similarly situated persons with disabilities.

38. Defendants and each of them have failed and refused to take action to grant full and equal access to person with physical disabilities. Defendants have carried out a course of conduct of refusing to respond to, or correct complaints about unequal access and have refused to comply with their legal obligations to make the subject facility accessible pursuant to ADAAG. Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and those similarly situated and thus justify an award of treble damages or alternatively an award of punitive damages in an appropriate amount.

39. Plaintiff has suffered emotional and physical damage and continues to suffer such damages all in an amount to be determined at time of trial.

40. Plaintiff seeks an award of reasonable attorney's fees and costs as a result of having to bring this action. Plaintiff requests the court to award such fees in an appropriate amount.

## VIII

## FIFTH CAUSE OF ACTION

(Unfair And Unlawful Business Practice)

41. Plaintiff realleges the allegations of the Fourth Cause of Action as though set forth fully herein.

42. Defendants, as alleged herein, are in violation of the Americans With Disabilities Act, in that they have denied equal access to their places of public accommodation to Plaintiff and others similarly situated to Plaintiff.

43. Defendants have failed and refused and continue to refuse to comply with equal access laws all in violation of 42 USC 12181-12183; 42 USC 1981;and 42 USC 12188. Defendants are also in violation of the indicated statutes because of their failure to remove architectural barriers, which prevent equal access to their facility by disabled persons and because of their failure to modify their practices, policies and procedures to have a scheme, plan, or design to assist Plaintiff and others similarly situated to enter and utilize Defendants' services as required.

## IX

## DEMAND FOR JURY

44. Plaintiff respectfully requests that the claims made herein be heard and determined by a jury.

WHEREFORE PLAINTIFF PRAYS:

1. For general damages according to proof;
2. For special damages according to proof;
3. For Injunctive relief pursuant to 42 U.S.C. 12188(a)

4. For an award of attorney's fees pursuant to 42 U.S.C. 1988, 42 U.S.C. 1981, 42 U.S.C. 12205

5. For treble damages

6. For punitive damages according to proof;

7. For a Jury Trial;

8. For costs of suit incurred herein and;

9. For such other and further relief as the court deems proper.

Respectfully submitted,

_____
David J. Reed, Bar#24345
Attorney for Plaintiff,
209 South 19th Street, Ste. 155
Omaha, Nebraska 68102
(402) 916-5858
(402) 507-5764-Fax